IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00871-BNB

ROBERT C. COMRIE,

    Applicant,

v.

J. M. WILNER,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 20 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Robert C. Comrie is a prisoner in the custody of the United States Bureau of Prisons (BOP). Mr. Comrie initiated this action while he was incarcerated at the Federal Correctional Institution in Florence, Colorado. On April 30, 2009, Mr. Comrie filed a notice of change of address in which he states that he has been transferred temporarily to a facility in Ohio for an evidentiary hearing in the United States District Court for the Northern District of Ohio.

Mr. Comrie has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a memorandum of law in support of the application. Mr. Comrie is challenging the calculation of his federal sentence. He also has filed a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The *in forma pauperis* motion will be granted.

The Court must construe the papers filed by Mr. Comrie liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action will be dismissed.

Mr. Comrie alleges that he was arrested by a Pennsylvania state trooper on January 19, 2002, pursuant to a federal arrest warrant. He further alleges that on January 22, 2002, while he was being held in a county jail awaiting transfer to Ohio in connection with the federal charges, new criminal charges were filed against him in Pennsylvania state court. Mr. Comrie ultimately was convicted both in state court and in his federal case in the United States District Court for the Northern District of Ohio. In the federal case, Mr. Comrie was sentenced to 100 months in prison to be served consecutively to his state sentence. *See United States v. Comrie*, 136 F. App'x 883, 887 (6th Cir. 2005). On direct appeal in his federal case, Mr. Comrie's conviction on one count was reversed, his sentence was vacated, and the case was remanded for resentencing. *See id.* at 895.

In the instant action, Mr. Comrie challenges the BOP's calculation of his federal sentence. According to Mr. Comrie, the BOP has determined his federal sentence commenced on December 22, 2004, when he was released from state custody, and has denied him credit against his federal sentence for the time he spent in custody from the date of his arrest on January 19, 2002. Mr. Comrie argues that he is entitled to credit against his federal sentence for the entire time from January 19, 2002, to the present because he was arrested on a federal warrant and he remained in federal custody throughout that entire period of time. He further argues that federal officials

erred in relinquishing custody over him to state officials following his arrest on a federal warrant. Mr. Comrie admits that he was prosecuted in federal court following issuance of a writ of habeas corpus ad prosequendum.

Calculation of a federal prison sentence is governed by 18 U.S.C. § 3585. The Attorney General, through the BOP, is responsible for making the sentence calculation contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241. Section 3585 provides as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Mr. Comrie's argument that he is entitled to credit against his federal sentence from the date of his arrest on January 19, 2002, is premised on his contention that he was arrested pursuant to a federal arrest warrant and remained in federal custody. Mr. Comrie is correct that "[t]he sovereign that first acquires custody of a defendant in a

criminal case is entitled to custody until it has exhausted its remedy against the defendant." **Weekes v. Fleming**, 301 F.3d 1175, 1180 (10th Cir. 2002). However, when a prisoner is subject to prosecution by more than one sovereign, "he may not complain of or choose the manner or order in which each sovereign proceeds against him." **Hayward v. Looney**, 246 F.2d 56, 57 (10th Cir. 1957). "Either the Federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner." *Id.* Furthermore, "[w]hether jurisdiction and custody of a prisoner shall be retained or surrendered is a matter of comity to be determined by the sovereign having custody." *Id.*

As noted above, Mr. Comrie admits that he was prosecuted in federal court following issuance of a writ of habeas corpus ad prosequendum. The Court has confirmed this fact by accessing the U.S. Party/Case Index in PACER (Public Access to Court Electronic Records) and examining the docketing records in Mr. Comrie's criminal case. **See United States v. Comrie**, No. 02-cr-00018-PAG-1 (N.D. Ohio Feb. 25, 2003). The docketing records indicate that on February 4, 2002, the Northern District of Ohio issued a writ of habeas corpus ad prosequendum for Mr. Comrie. **See id.** at docket entry #4. The Northern District of Ohio issued another writ of habeas corpus ad prosequendum on November 1, 2002, for Mr. Comrie's sentencing. **See id.** at docket entry #60.

Therefore, even if Mr. Comrie is correct that he was in federal custody when he was arrested pursuant to a federal arrest warrant on January 19, 2002, it is clear that the federal government relinquished primary jurisdiction over him to the state authorities

following his arrest. *See Weekes*, 301 F.3d at 1181 (noting that use of an ad prosequendum writ to gain custody indicates the sovereign gaining custody is merely borrowing the prisoner from the sovereign with primary custody). Even absent this admission, it must be presumed that Mr. Comrie's return to state authorities following imposition of his federal sentence was duly authorized in the absence of an affirmative showing to the contrary. *See Hayward*, 246 F.2d at 57. Mr. Comrie makes no such showing. Therefore, the Court finds that Mr. Comrie was not in primary federal custody from January 19, 2002, to the present and that he is not entitled to have that entire period of time credited against his federal sentence. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action filed on May 11, 2009, is granted. It is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 20 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00871-BNB

Robert C. Comrie,
Reg No. 38548-060
CCA
2240 Hubbard Rd.
Youngstown, OH 44505

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** o the above-named individuals on 5/20/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk